IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MALINA HASAN

     v.

FRIEDMAN & MACFADYEN, P.A.,
et al.

            :

            :

            :   Civil Action No. DKC 11-3539

            :

            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion to remand filed by Plaintiff Malina Hasan (ECF No. 18-1) and motions to dismiss filed by Defendants Bank of New York Mellon (ECF No. 7) and Friedman & MacFadyen, P.A. (ECF No. 11). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be denied and Defendants' motions will be granted.

I. **Background**

The following facts are either set forth in the complaint, evidenced by documents referenced or relied upon in the complaint, or are matters of public record of which the court may take judicial notice.[1]

---

[1] "Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage," the court may consider such evidence where the plaintiff has notice of it, does not dispute its authenticity, and relies on it in framing the complaint. *American Chiropractic Ass'n v. Trigon Healthcare,*

In September 2005, Plaintiff Malina Hasan obtained a $162,000 loan from First Horizon Home Loan Corporation for the purchase of real property in Upper Marlboro, Maryland. (ECF No. 11, Ex. 6, promissory note).   The loan was secured by a deed of trust granting First Horizon a security interest in the property, and the deed of trust was recorded among the land records of Prince George's County.   (ECF No. 7-1, deed of trust).   Defendant Bank of New York Mellon ("BNY Mellon") subsequently became the payee of the promissory note.   At some point, Plaintiff "ceased [making] her regular monthly mortgage payment[s] on the loan to [BNY Mellon] . . . after she mailed . . . a document with a series of questions . . . [and] stated that [she] did not intend to make payments until her questions

---

*Inc.*, 367 F.3d 212, 234 (4th Cir. 2002); *see also Douglass v. NTI-TSS, Inc.*, 632 F.Supp.2d 486, 490 n. 1 (D.Md. 2009). Here, Defendants have attached numerous documents – including a deed of trust, promissory note, and deed of removal and appointment of substitute trustees – which are referenced or relied upon in the complaint.  In her opposition papers, Plaintiff generally "rejects all the contentions made by [Defendants]" (ECF No. 15, at 2), but does not challenge the authenticity of the attached documents.  Thus, the court may consider them in resolving the pending motions to dismiss.
    Furthermore, "a federal court may consider matters of public record such as documents from prior . . . court proceedings in conjunction with a Rule 12(b)(6) motion." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009).  This is particularly true where, as here, Defendants seek dismissal pursuant to the doctrine of *res judicata*.  *See Brooks v. Arthur*, 626 F.3d 194, 200 (4th Cir. 2010) ("[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." (internal marks and citation omitted)).

were answered." (*Id.* at ¶ 11). Consequently, Plaintiff defaulted on her loan.

On May 6, 2010, following Plaintiff's discharge from chapter 7 bankruptcy, BNY Mellon appointed Kenneth J. MacFadyen, a principal of the law firm Friedman & MacFadyen, P.A., among others, as a substitute trustee under the deed of trust. (ECF No. 7-6, deed of removal and appointment of successor trustees).[2] Two weeks later, the substitute trustees initiated foreclosure proceedings in the Circuit Court for Prince George's County, Maryland. Plaintiff filed an emergency motion to enjoin the foreclosure sale, naming as defendants the substitute trustees, First Horizon Home Loans, and MetLife Home Loans. (ECF No. 7-7). Plaintiff sought an order enjoining the foreclosure sale, arguing that the defendants were not the holders of the "original wet ink note" associated with the property and, therefore, that they had no authority to foreclose. (*Id.* at ¶ 24). The circuit court denied Plaintiff's motion the following day. (ECF No. 7-9, circuit court memorandum and order, at 2).

---

[2] Plaintiff has erroneously named Mr. MacFadyen's law firm, Friedman & MacFadyen, P.A., rather than Mr. MacFayden himself, as a defendant in this case. This oversight is understandable in light of the fact that the circuit court appears to have made the same mistake. (ECF No. 7-9, memorandum and order, at 2 ("The Trustees in this case are Friedman & MacFadyen and not as the claimant asserts, Trustees Curran and O'Sullivan")). The firm correctly asserts that it has been improperly joined in this action. (ECF No. 11-1, at 7). Given that the complaint will be dismissed on other grounds, however, the misnomer is of no real consequence.

The property was sold at a foreclosure sale on July 14, 2010 (*id.*), and the sale was ratified on December 8, 2010 (ECF No. 7-8).

On or about May 5, 2011 – *i.e.*, approximately five months after ratification – Plaintiff, by counsel, filed in the circuit court a "motion to vacate and set aside the foreclosure sale and counterclaim for breach of contract." (ECF No. 7-10).[3] As grounds for this motion, Plaintiff alleged:

> [Nineteen] material violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act and a variety of anti-predatory-lending laws[;] . . . intentional misrepresentations of fact made by the lender and/or their servicing agents and/or Trustees with knowledge of [their] falsity and for the purpose of inducing Ms. [Hasan] to reasonably rely upon the information proffered to them, and to act upon [those] material misrepresentation[s] to Ms. [Hasan's] detriment (e.g. the mortgage that they [] offered was predatory, was designed to fail, served the lender but not the borrower's best interest)[;] . . . the Deed of Trust and Promissory Note were not recorded in the same name at the time of the foreclosure sale[;] . . . the foreclosure sale was premised upon fraud, because, based on the higher standard of the fiduciary's responsibility, the act of not ascertaining the ownership of the Promissory Note and Deed of Trust is equal to a material intentional misrepresentation based on a falsehood, intended to get a purchaser to commit to the purchase of the property, to the detriment of Ms. [Hasan], and the reliance on the misrepresentation was

---

[3] References to page numbers for this document are to those designated by the court's electronic case filing system.

>          reasonable   under   the   circumstances   by   the
>          buyer.

(*Id*. at 2-3).   By a memorandum opinion and order issued May 10,

2011, the court denied this motion, reasoning, in relevant part:

>          [D]espite   the   arguments   of   counsel,   the
>          Motion   to   Vacate   was   not   filed   in   the
>          appropriate   time   because   the   sale   has   been
>          ratified   for   more   than   five   months.     No
>          allegations   sufficient   to   invoke   Maryland
>          Rule   2-535(b)   have   been   advanced   and   the
>          other   issues   advanced   by   the   Defendant   are
>          subsumed   by   the   case   of   *Bates v. Cohn*, 417
>          Md. 309 (2010).

(ECF No. 7-9).

Plaintiff, proceeding *pro se*, commenced the instant action

against BNY Mellon and Friedman & MacFadyen by filing a verified

complaint in the Circuit Court for Prince George's County on

October 26, 2011.   (ECF No. 2).   In her complaint, Plaintiff

alleges that Defendants "fail[ed] to properly and accurately

credit payments . . . toward the loan, prepar[ed] and fil[ed]

false documents, and foreclose[ed] on the Subject Property

without having the legal authority and/or proper documentation

to do so." (*Id*. at ¶ 22).   She further contends that Defendants

"made . . . false representations, concealments and non-

disclosures with knowledge of the misrepresentations, intending

to induce Plaintiff's reliance[.]"   (*Id*. at ¶ 29).   Plaintiff

purports to raise claims of negligence, fraud, breach of implied

covenant of good faith and fair dealing, unjust enrichment, and

violations of the Home Ownership Equity Protection Act ("HOEPA").[4] As relief, she seeks, *inter alia*, an order "[d]ismiss[ing] and permanently enjoin[ing] the foreclosure sale"; "vacat[ing] the substitute trustee's deed"; "quieting title in favor of Plaintiff and against Defendants"; "compensatory, special, general, and punitive damages"; and "rescission of contract based on fraud." (*Id*. at 18-19).

BNY Mellon was served with the complaint on November 10, 2011, and removed to this court on December 9, asserting federal question jurisdiction. (ECF No. 1 ¶¶ 3, 6, 9). Soon thereafter, it filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). (ECF No. 7). Friedman & MacFadyen moved to dismiss on similar grounds on December 29. (ECF No. 11). At around the same time, Plaintiff filed a motion to remand in state circuit court, which BNY Mellon attached to a notice it filed in the instant case. (ECF No. 18-1). Plaintiff opposed Defendants' motions to dismiss on January 17, 2012. (ECF Nos. 15, 20). BNY Mellon opposed Plaintiff's motion to remand (ECF No. 17) and filed a reply with respect to its motion to dismiss (ECF No. 19).

---

[4] The complaint lists several other "counts" that are not true causes of action, such as "dismiss and permanently stop trustee's sale" (count III), "wrongful/unlawful foreclosure" (count IV), and "standing" (count IX). To the extent that Plaintiff seeks an order enjoining the foreclosure sale that took place approximately sixteen months before she filed suit, her complaint is moot.

## II.  Motion to Remand

In moving to remand, Plaintiff asserts, in conclusory fashion, that "remand is proper because [BNY Mellon] did not file its Notice of Removal within the requisite thirty day time period after receipt of the [c]omplaint." (ECF No. 18-1).  In response, BNY Mellon asserts that Plaintiff effected service of process by certified mail on November 10, 2011, attaching as proof a copy of an envelope postmarked November 8 and date stamped November 10 (ECF No. 17-1) and a United States Postal Service tracking report (ECF No. 17-2).[5]  Further observing that it filed its notice of removal on December 9, 2011, BNY Mellon maintains that its removal was timely.

When the plaintiff challenges the propriety of removal, the defendant bears the burden of proving that removal was proper. *See Greer v. Crown Title Corp.*, 216 F.Supp.2d 519, 521 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).  On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Philip Morris Inc.*, 950 F.Supp. 700, 702 (D.Md. 1997) (internal

---

[5]  As BNY Mellon observes, this report appears to contain an error.  It indicates an expected delivery date of November 10 and that processing in Maryland occurred on November 8, but that the document was actually delivered in New York on November 1. Defendant suggests that the "report presumably should state that delivery was made on November '10'" (ECF No. 17 ¶ 3) and Plaintiff has not challenged this assertion.

quotation marks omitted).  This standard reflects the reluctance of federal courts "to interfere with matters properly before a state court." *Id.* at 701.

Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  Furthermore, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  18 U.S.C. § 1446(b)(2)(A).

Here, BNY Mellon has shown that it was served with the complaint on November 10, 2011, and that it filed the notice of removal on December 9, within the thirty days required by § 1446(b)(1).  Furthermore, the notice of removal recites, "Defendant Friedman & MacFadyen consents to removal of this case to federal court" (ECF No. 1 ¶ 9), and the law firm has independently confirmed its consent (ECF No. 13).  Thus, the requirements of § 1446(b)(2) are also satisfied.  As Plaintiff has not specifically challenged any of these assertions, Defendants have met their burden of establishing that removal was timely.  Accordingly, Plaintiff's motion to remand will be denied.

## III. Motions to Dismiss

### A.   Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Complaints filed by *pro se* litigants are "to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).   The court need not, however, accept unsupported legal allegations.   *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).   Nor must it agree with legal conclusions couched as factual allegations, *Iqbal*, 556 U.S. at 678, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'"   *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).   Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Id*.

In the instant motions to dismiss, defendants raise several affirmative defenses, including a statute of limitations defense and the defense of *res judicata*.   The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Fed.R.Civ.P. 8(c) and is not usually an appropriate ground for dismissal.   *See Eniola v. Leasecomm Corp.*, 214 F.Supp.2d 520, 525 (D.Md. 2002); *Gray v. Mettis*, 203

F.Supp.2d 426, 428 (D.Md. 2002).   Nevertheless, dismissal may be proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996); *see also Rice v. PNC Bank, N.A.*, No. PJM 10-07, 2010 WL 1711496, at *3 (D.Md. Apr. 26, 2010) (dismissing claims under the Truth in Lending Act on motion to dismiss as untimely).

Similarly, the Fourth Circuit has permitted dismissal on *res judicata* grounds in some circumstances:

> This Court has previously upheld the assertion of res judicata in a motion to dismiss.   Although an affirmative defense such as res judicata may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint," when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.

*Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (internal citations omitted).

### B. Analysis

Defendants move to dismiss on three grounds.   First, they contend that Plaintiff's sole federal claim, alleged violations of the Home Ownership and Equity Protection Act ("HOEPA"), is barred by the statute of limitations.   Second, they maintain that the issues presented in the complaint were already resolved in the foreclosure action; thus, the doctrine of *res judicata*

bars their relitigation in this case.  Finally, Defendants argue that Plaintiff has, in any event, failed to state a claim for relief as to all state common law claims.  Plaintiff's response fails to address any of these arguments.

### 1.   The Limitations Defense

The Truth in Lending Act ("TILA") is a federal consumer protection statute intended to promote the informed use of credit by requiring certain disclosures from lenders.  HOEPA, which was enacted as an amendment to TILA, "applies to a special class of regulated loans that are made at higher interest rates and are subject to special disclosure requirements."  *See In re Community Bank of Northern Va.*, 622 F.3d 275, 282 (3rd Cir. 2010) (citing 15 U.S.C. § 1639).  More specifically, "HOEPA requires lenders to disclose to their borrowers the annual percentage rate ('APR') of sums due for the use of monies loaned and the amount of regular monthly payments."  *In re Community Bank of Northern Va.*, 622 F.3d at 282-83.

Violations of the HOEPA disclosure requirements by a creditor give rise to a cause of action.  *See Caballero v. American Mortg. Network*, No. 1:11cv622 (JCC/JFA), 2011 WL 3440025, at *3 (E.D.Va. Aug. 8, 2011) (citing *McAnelly v. PNC Mortg.*, No. 2:10-cv-02754, 2011 WL 2366680, at *2 (E.D.Cal. June 8, 2011)).  Such an action, however, "must be brought within one year from the date of the occurrence of the violation," and the

violation date can be "no later than the date the plaintiff enters the loan agreement." *Hood v. Aurora Loan Servs.*, Civ. No. CCB-10-11, 2010 WL 2696755, at *2 (D.Md. July 6, 2010) (internal marks and citations omitted). Pursuant to 15 U.S.C. § 1635(a), a consumer whose loan is secured by his or her principal residence has the right to rescind the loan "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later[.]" If the required disclosures are never made, an action for rescission under TILA or HOEPA "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever first occurs[.]" 15 U.S.C. § 1635(f); *see also* 12 C.F.R. § 226.23; *Hood*, 2010 WL 2696755, at *2 (citing *In re Community Bank of Northern Va.*, 622 F.3d at 305). Thus, the statute of limitations for any claim under HOEPA expires, at the latest, three years from the date the plaintiff entered the loan agreement.[6]

In her complaint, Plaintiff asserts that she is entitled to money damages and rescission of the deed of trust because

---

[6] Courts have disagreed as to whether equitable tolling may apply to HOEPA claims. *See Caballero*, 2011 WL 3440025, at *3 n. 4. Plaintiff has not advanced a tolling argument, however.

Defendants failed to comply with the requirements of HOEPA. Plaintiff closed on her mortgage, however, on or about September 13, 2005, and commenced this action on October 26, 2011, over six years later. Accordingly, any alleged violation of HOEPA is time-barred and subject to dismissal.

Because subject matter jurisdiction in this case is based on the federal HOEPA claim, which will be dismissed, questions arise as to (1) whether the court may exercise supplemental jurisdiction over the remaining state law claims, and (2) if so, whether it should. Pursuant to 28 U.S.C. § 1367(a), the court may exercise supplemental jurisdiction over "all [nonfederal] claims that are so related to [federal] claims in the action . . . that they form part of the same case or controversy[.]" Here, the remaining state law claims – *i.e.*, those alleging fraud, negligence, breach of an implied covenant of good faith and fair dealing, and unjust enrichment – are sufficiently related to the HOEPA claim such that the court may exercise supplemental jurisdiction over them. *See White v. County of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993) (supplemental claims "need only revolve around a central fact pattern" shared with the federal claim). Still, the court "may decline to exercise supplemental jurisdiction . . . [if it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to exercise discretion to consider supplemental

14

claims, courts generally look to factors such as the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). Ultimately, supplemental jurisdiction "is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.* (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 350). Here, the remaining state law claims plainly cannot be maintained in any court; thus, it makes little sense to remand them to state district court for further proceedings.[7]   In the interest of judicial economy, the court will exercise supplemental jurisdiction to consider the remaining claims.

   2.   **The** *Res Judicata* **Defense**

   Defendants contend that Plaintiff's remaining claims are barred by the doctrine of *res judicata*.   As Judge Williams recently explained:

---

   [7] As this case was removed from the District Court of Maryland for Prince George's County, a decision not to exercise supplemental jurisdiction would require remand of the remaining claims to that court.   *See Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 196 (4th Cir. 2002) (citing *Roach v. W. Va. Regional Jail and Corr. Facility Auth.*, 74 F.3d 46, 48-49 (4th Cir. 1996)).

>*Res judicata*, or claim preclusion, prohibits
>relitigation of claims that could have been
>asserted, or were decided, in a [] prior
>suit between the same parties or their
>privies. [*Anyanwutaku*] *v. Fleet Mortg.
>Group, Inc.*, 85 F.Supp.2d 566, 570 (D.Md.
>2000). The purpose of this doctrine is to
>provide litigants, as well as the judicial
>system, with some definite end to the
>litigation of matters previously addressed
>by the court. . . . "Generally, the
>preclusive effect of a judgment rendered in
>state court is determined by the law of the
>state in which the judgment was rendered."
>*Laurel Sand & Gravel, Inc. v. Wilson*, 519
>F.3d 156, 162 (4th Cir. 2008). In accordance
>with Maryland law, *res judicata* applies
>when: (1) the present parties are the same
>or in privity with the parties to the
>earlier dispute; (2) the claim presented is
>identical to the one determined in the prior
>adjudication; and (3) there has been a final
>judgment on the merits. *See* [*Anyanwutaku*],
>85 F.Supp.2d at 570-71.

*McCreary v. Beneficial Morg. Co. of Maryland*, Civ. No. AW-11-cv-01674, 2011 WL 4985437, at *3 (D.Md. Oct. 18, 2011).

Each of those requirements has been met here.  While the parties are not identical to those in the foreclosure action, they are in privity with them.  The plaintiffs in the foreclosure case were the substitute trustees, including Kenneth MacFadyen, principal of the law firm Friedman & MacFadyen, P.A., who is a named defendant in the instant case.  (ECF No. 7-8).[8] Moreover, the substitute trustees in the foreclosure action were

---

[8] As noted previously, the law firm itself is not a proper defendant in this action, but Plaintiff clearly intended to sue the substitute trustees.

acting to enforce the rights of BNY Mellon, a defendant here,
under the promissory note and deed of trust associated with
Plaintiff's property. (ECF No. 7-6). There can be no question
that the substitute trustees were in privity with BNY Mellon.
*See Vaeth v. Mayor and City Council of Baltimore City*, Civ. No.
WDQ-11-0182, 2011 WL 4711904, at *2 (D.Md. Oct. 4, 2011)
("Privity exists when a non-party to the earlier litigation is
'so identified with a party . . . that he represents precisely
the same legal right in respect to the subject matter
involved.'") (quoting *Martin v. Am. Bancorporation Ret. Plan*,
407 F.3d 643, 651 (4th Cir. 2005); *see also McCreary*, 2011 WL
4985437, at *3 (finding privity where "the parties in the
foreclosure action included [s]ubstitute [t]rustees from the law
offices of [the defendant firm]").

Moreover, the state law claims raised by Plaintiff in this
action are identical, for *res judicata* purposes, to those raised
in the foreclosure case. "[A] claim in a second action is based
on the same cause of action [as one raised] in an earlier
proceeding if it 'arises out of the same transaction' or
involves the same 'operative facts.'" *Vaeth*, 2011 WL 4711904,
at *3 (quoting *Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir.
1990)). In considering whether claims arise from a prior
identical transaction, courts look to "whether the facts are
related in time, space, origin, or motivation, whether they form

a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *McCreary*, 2011 WL 4985437, at *3 (quoting Restatement (Second) of Judgments § 24(2) (1982)). In the foreclosure action, Plaintiff argued that certain disclosures were purposefully withheld by the lender and/or substitute trustees associated with her loan, and challenged the authority of the substitute trustees to proceed with the foreclosure sale. She has presented the exact same issues in this case. *Id.* ("Any claim that Defendants' conduct in enforcing the Deed of Trust was abusive or wrongful should have been raised as an exception during the foreclosure proceeding itself.").

Finally, the circuit court's December 8, 2010, ratification order was clearly a final judgment on the merits of the foreclosure proceeding. (ECF No. 7-8). Plaintiff challenged the foreclosure sale by filing an emergency motion for injunctive relief prior to the sale and a post-ratification motion to vacate and set aside the foreclosure sale and counterclaim for breach of contract. Both of those motions were denied by the circuit court. (ECF No. 7-9).

Because Plaintiff had a full and fair opportunity to litigate her claims against Defendants or their privies during the foreclosure proceeding, the doctrine of *res judicata* bars

their relitigation in this case.   Accordingly, Defendants'
motions to dismiss will be granted.

In her opposition papers, Plaintiff asserts that she
"intends to press forward with an amended complaint to
meticulously set out the details behind the problems illustrated
in the initial verified complaint."   (ECF No. 15, at 1).
Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts are
to grant leave to amend a pleading "freely . . . when justice so
requires."   Leave should be denied, however, where "the
amendment would be so prejudicial to the opposing party, there
has been bad faith on the part of the moving party, or the
amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273,
276 (4th Cir. 2001) (quoting *Johnson v. Oroweat Foods Co.*, 785
F.2d 503, 509 (4th Cir. 1986)).   "An amendment is futile when the
proposed amendment is clearly insufficient or frivolous on its
face, or if the amended claim would still fail to survive a
motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *El-Amin
v. Blom*, Civ. No. CCB-11-3424, 2012 WL 2604213, at *11 (D.Md.
July 5, 2012).   Because Plaintiff's claims are barred by the
statute of limitations and/or the doctrine of *res judicata*,
amendment would clearly be futile.   Thus, Plaintiff will not be
permitted to file an amended complaint.

**IV.   Conclusion**

For   the   foregoing   reasons,   Plaintiff's   motion   to   remand
will   be   denied   and   Defendants'   motions   to   dismiss   will   granted.
A separate order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge